UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DONNA M. BULRIS,

          Plaintiff,

    v.

NANCEY BULRIS-ROWELL, also known as
Nancy Bulris-Rowell,

          Defendant.

1:11-CV-202
(DNH/DRH)

APPEARANCES:

DONNA M. BULRIS
Plaintiff pro se
283 N.W. Ash Drive
Lake City, Florida 32055

DAVID R. HOMER
U.S. Magistrate Judge

**REPORT-RECOMMENDATION and ORDER**

    In compliance with this Court's order (Dkt. No. 5), pro se plaintiff Donna M. Bulris ("Bulris") filed an amended complaint. Dkt. No. 7. Bulris brings this action pursuant to 42 U.S.C. § 1983. A review of the amended complaint reveals that Bulris has failed to comply with the Court's order. Bulris's amended complaint contains 115 handwritten pages plus attachments containing allegations of abuse and mistreatment by the named defendant to Bulris's natural child. Moreover, Bulris has failed to bring forth any new or additional facts or claims demonstrating that the defendant acted under color of state law or acted in concert with a state actor to violate Bulris's constitutional rights. Bulris alleges that the named defendant has custody of Bulris's child illegally and Bulris seeks an order from this Court for

the return of her child. Dkt. No. 7. Such claim does establish a cause of action of 42 U.S.C. § 1983.

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)). Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law ... collaborated or conspired with a private person ... to deprive the plaintiff of a constitutional right." *Fries v. Barnes*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142).

A review of Bulris's amended complaint reveals that Bulris fails to allege any facts

demonstrating that the defendant acted under color of state law or acted in concert with a state actor to violate Bulris's constitutional rights.

In sum, Bulris's complaint, as drafted, fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  Accordingly, it is hereby

**RECOMMENDED** that Bulris's complaint be dismissed in its entirety without prejudice pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2)(A)(v) for failure to comply with the Court's March 2, 2011 order (Dkt. No. 5); and it is hereby

**ORDERED** that the Clerk serve Bulris with a copy of this report-recommendation by regular mail and certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 1, 2011
      Albany, New York

_David R. Homer_
United States Magistrate Judge